MANUEL HEDILLA-BLANCO, Plaintiff and Appellee, *v.* RAMONA MONAGAS DE COLÓN ET AL., Defendants and Appellants.

No. 4188. Argued November 22, 1927, and February 15, 1928.— Decided April 19, 1928.

R. *Fernández Matos* and R. *Arjona Siaca* for appellant Ramona Monagas. *Felipe Colón Díaz* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Originally this was a proceeding for a summary execution under the Mortgage Law. The property was offered at public auction and as there were no other bidders it was sold, nominally at least, to a mortgage creditor for the sum of $1,500 to include interest and costs. What actually happened was a giving of a credit to the mortgage debt. The sale took place on the 17th day of December, 1926. On the 18th of January, 1927, Ramona Monagas appeared in the suit and made a claim of homestead. In her petition it appears,

among other things, that she was ousted from the property at the instance of the marshal by virtue of a writ issued in the mortgage proceeding. In other words, that she took no step in this particular proceeding to assert her right to her homestead until not only had the property been ordered sold, but actually sold, execution had thereon, and the property turned over to the mortgage creditor.

The District Court of Ponce in disposing of the motion held that the homestead had not been duly constituted or recorded and also held that the mortgage proceeding could not be interrupted in this manner.

By a divided court we have decided that in general the mortgage proceeding may not be interrupted. *Cueto* v. *District Court,* 37 P.R.R. 227. Also by a divided court we held that a homestead might be claimed without any other formal constitution than that required by the Homestead Law itself, section 1000 *et seq.* of the Revised Statutes of Porto Rico, and that no particular record of the homestead is required. *Dávila* v. *Sotomayor,* 35 P.R.R. 726.

The prayer for a homestead in this case asked for an order to the marshal of the court and to the mortgage creditor to show cause why they should not deliver to the defendant the sum of $500 in payment of her homestead, and that the said marshal and the said mortgage creditor should be severally ordered to pay the sum of $500 and, if such a procedure was not possible, to declare that she had a preferred lien for $500 on the said property.

Of course, if the petitioner has a lien on the property for $500 given to her by law she needs no special order of the court decreeing the same unless at the same time she is asking for some specific execution of her right.

With respect to the main contention we feel bound to hold that after a person having a right of homestead is ejected from the property under the summary proceeding of the Mortgage Law he has no right to make an appearance in the said mortgage proceeding to set up a claim for the distribu-

26

tion of the $500 belonging to him. The mortgage proceeding here was entirely complete and determined. Of course there was no question of interruption as the proceedings were completed and we think there can be no question of a retrocession to consider the claim of the petitioner. The claim for a payment of $500 is now a money demand, even though a lien on the property exists. A separate suit should be filed against the proper person to recover the amount claimed.

The appellee maintains that the District Court of Ponce had no jurisdiction of the claim inasmuch as it did not exceed $500. We find no necessity for passing upon that question inasmuch as no suit has actually been filed.

The order appealed from will be affirmed.

Mr. Justice Aldrey concurred in the result.